[Civ. No. 6971. First Appellate District, Division One.—September 17, 1929.]

JARDINE, MATHESON & CO., LTD. (a Corporation), Respondent, v. PACIFIC ORIENT COMPANY (a Corporation), Appellant.

Joseph E. Bien and Werner Olds for Appellant.

McCutchen, Olney, Mannon & Greene for Respondent.

KNIGHT, J.—Respondent moves to dismiss the appeal herein upon the ground that the order from which it was taken is not appealable. The determination of the motion involves the construction of section 1293 of the Code of Civil Procedure, which is one of several code sections enacted by the legislature in 1927 relating to the enforcement of agreements to arbitrate controversies growing out of written contracts (Code Civ. Proc., secs. 1280–1293, incl. [(Stats. 1927, p. 404, sec. 1), secs. 1281–1290 (Stats. 1927, pp. 404–407, secs. 2–11), secs. 1291–1293 (Stats. 1927, pp. 407, 408, secs. 12–14)]).

The essential portions of those sections are as follows: Section 1280 declares that "a provision in a written contract to settle by arbitration a controversy thereafter arising out of the contract or the refusal to perform the whole

or any part thereof, or an agreement in writing to submit an existing controversy to arbitration . . . shall be valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract; provided, however, the provisions of this act shall not apply to contracts pertaining to labor.'' Section 1281 sets forth the nature of the controversies which may be arbitrated, and section 1282 prescribes the legal procedure to be invoked by an aggrieved party when the other party to the contract has failed, neglected, or refused to proceed with the arbitration as agreed; and in the latter section it is provided that if at the conclusion of the hearing before the court, ''the finding be that a written provision for arbitration was made and there is a default in proceeding thereunder, an order shall be made *summarily* directing the parties to proceed with the arbitration in accordance with the terms thereof.'' Sections 1283 and 1284 provide that under the conditions therein stated the court may appoint the arbitrators or some of them, and order stayed any civil actions pending the termination of the arbitration proceedings. Section 1285 reads as follows: ''Any application (to the court) made under the authority of this act *shall be heard in a summary way* in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.'' (All italics ours.) Section 1286 prescribes the procedure to be followed by the arbitrators in hearing and determining the controversy, and sections 1287 to 1290, inclusive, set forth when and under what circumstances the court may confirm, vacate, modify or correct the award. The next two sections, 1291 and 1292, deal with the matter of the entry of judgment and the force and effect to be given thereto. They are as follows: ''Upon the granting of an order confirming, modifying or correcting an award, judgment may be entered in conformity therewith in the court wherein said application was filed. . . . The judgment when rendered by the court shall be docketed as if it were rendered in an action.'' ''The judgment so entered has the same force and effect, in all respects, as, and is subject to all the provisions of law relating to, a judgment in an action; and it may be enforced, as if it had been rendered in an action in the court in which it is entered.'' Section 1293 enumerates the particular orders and

judgment from which appeals may be taken, and reads as follows: "An appeal may be taken from an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action."

In the present case the record discloses that appellant entered into a written contract with respondent to sell and deliver to the latter a certain quantity of wood oil, which contract provided, among other things, that any dispute arising thereunder should be submitted to arbitration immediately in the manner therein set forth. Thereafter and under the authority of section 1282 of said code respondent petitioned the Superior Court in and for the city and county of San Francisco for an order for the enforcement of the arbitration agreement, alleging that appellant had breached the contract to deliver said oil. Appellant demurred to the petition and moved for its dismissal, and the demurrer being overruled and the motion being denied, appellant answered, and afterwards amended its answer, and later certain portions of the answer were stricken out on motion of the respondent. A hearing was then had before the court sitting without a jury, and as a result thereof the court entered written findings, and in conformity with the findings granted an order directing the parties "to proceed with the arbitration of the controversy or dispute set out in said application, in accordance with the terms of said agreement. . . . " Thereupon appellant appealed from said order.

Respondent contends that section 1293 was intended by the legislature to be all-embracing and restrictive in its effect, and that consequently since the order from which the appeal herein was taken is not one of those enumerated in said section, the appeal based thereon should be dismissed. We are of the opinion that this contention must be sustained.

Upon reading the text of the foregoing sections it becomes evident that the purpose of adding them to the code was to adopt for this state a complete scheme for the expeditious and summary enforcement of agreements to arbitrate, and to provide a judicial review of the proceedings taken pursuant thereto, after the matter of arbitration has been completed and the award has been made; and the fact that the legislature saw fit to specify in one code section the different

orders and judgment from which appeals may be taken clearly indicates, in our opinion, an intention to restrict the appeals in such proceeding to the orders and judgment therein specified; and the obvious reason for not including among such appealable orders the one which directs the parties to proceed with the arbitration was that if at the very threshold of the proceeding the defaulting party could appeal and thereby indefinitely delay the matter of arbitration, the object of the law and the purpose of the written agreement of the parties would be entirely defeated.

Appellant contends that regardless of the right of appeal given by section 1293, the legal proceeding authorized by said code sections constitutes a special proceeding of a civil nature, and that therefore under section 963 of the Code of Civil Procedure an appeal may be taken from any final order made therein; and in this connection it is claimed that the order complained of, directing the parties to proceed with the arbitration, is in its nature final. In support of such contention the case of *People* v. *Bank of San Luis Obispo,* 152 Cal. 261 [92 Pac. 481], is cited. The language of the decision in that case must be interpreted, however, in the light of the situation there existing, which, upon analysis, is shown to be entirely different from the one presented here. There the proceeding was brought in the name of the People against the bank and its directors pursuant to the provisions of the former Bank Commissioners Act (Stats. 1903, p. 368) to force the bank into liquidation. A judgment to that effect was obtained which, besides enjoining the bank from transacting any further business, appointed a receiver and directed the bank commissioners to turn over to a receiver all of the assets of the corporation for the purpose of liquidating its affairs. The act nowhere provided for an appeal from any of the proceedings authorized to be taken thereunder. Nevertheless, the substantial rights of the bank being materially affected by the judgment, the bank took an appeal therefrom, which the People sought to have dismissed on motion. In ruling adversely upon the motion the Supreme Court first pointed out that the right of appeal is remedial and that in doubtful cases, where the substantial rights of a party are affected, the doubt should be resolved in favor of such right, and it was therefore held in effect that since the act contained no ex-

press declaration denying the right of appeal, "such as making any judgment final or final and conclusive," etc., it would be assumed that the legislature intended that such right of appeal existed the same as from a judgment entered in any other kind of special proceeding affecting the substantial rights of the appealing party. In the present situation, however, adequate remedy by appeal is afforded, two appeals being allowed from orders in their nature interlocutory, namely, the order confirming the award and the order modifying or correcting the award; and two from orders in their nature final, namely, the order vacating the award, and the judgment. Therefore it is not unreasonable to believe that the legislature intended to restrict the right of appeal to such orders and judgment.

Appellant asserts that the appeals thus granted are nevertheless inadequate to review the trial court's various rulings upon the sufficiency of the pleadings, and its findings and conclusions relating to the validity of the contract and appellant's alleged default thereunder. As will be noted, however, from reading the code sections above referred to, the court proceeding authorized to be taken thereunder is expressly declared to be of a summary character, and there is nothing contained in the provisions of said sections indicating that a defaulting party may interpose all or any of the dilatory pleas or file the same character of pleadings permitted to be interposed and filed in civil actions generally. On the contrary, section 1285 expressly provides that the "application . . . shall be heard in a summary way in the manner provided by law for the *making* and hearing of motions, except as otherwise herein expressly provided" (emphasis ours); and while, of course, a motion is subject to dismissal for legal insufficiency, or may be defeated on the merits by the introduction of legal evidence in opposition thereto, including affidavits, the issues of law and fact to be determined thereunder are not raised by demurrer and answer as in civil actions. And in any event, in view of section 1292, which provides that the judgment which shall be entered in an arbitration proceeding "shall have the same force and effect, in all respects, as, and is subject to all the provisions of law relating to, a judgment in an action . . . " it would seem that any court ruling made in pursuance of such proceeding affecting the sub-

stantial rights of the parties may be reviewed on appeal from the judgment, as on appeal from a judgment in a civil action.

The New York cases cited by appellant are not controlling here because the provision of the arbitration act of that state granting the right of appeal is entirely different from the one embodied in our code section 1293. It is there expressly provided that said act is subject to the general laws governing appeals in that state, while here the legislature has particularized the orders and the judgment from which appeals may be taken.

From the foregoing we conclude that the appeal herein is based upon an order which is not appealable, and that accordingly respondent's motion must be granted and the appeal dismissed. It is so ordered.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 17, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1929.

All the Justices concurred.