[Civ. No. 28001. Second Dist., Div. Four. Sept. 4, 1964.]

THE FIDELITY & CASUALTY COMPANY OF NEW YORK, Plaintiff and Appellant, v. DANIEL SCOTT DENNIS, a Minor, etc., Defendant and Respondent.

Betts & Loomis and Ingall W. Bull, Jr., for Plaintiff and Appellant.

Jones & Weldon and Charles R. Weldon for Defendant and Respondent.

KINGSLEY, J.—Respondent, a minor, was seriously injured by an automobile driven by Nicholas Frederick Stay, an uninsured motorist.[1] Contending that he was covered by the uninsured motorist clause of an automobile insurance policy issued by appellant, he filed with the American Arbitration Association his demand for arbitration. Acting through its present counsel, appellant replied to this demand by a letter in which it denied that respondent was an insured under the policy in question and contended that that issue was not one which it had agreed to arbitrate under the arbitration provision of the policy.[2] There followed an exchange of correspondence between appellant's counsel and the association, in which the association advised appellant and respondent of the selection of an arbitrator, and counsel for both parties submitted arguments as to the matter of coverage, and of the arbitrability of that issue. On December 12, 1962, the association advised appellant's counsel that "the Arbitrator . . . has informed the Association he rules that the question of liability of the

---

[1] This was respondent's contention throughout the entire proceeding and appellant has never contested that allegation. Both sides proceeded in the trial court, and here, on the assumption that no issue existed as to the uninsured status of Stay.

[2] This portion of the policy reads as follows:

"(6) Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement."

Respondent [appellant here] to the Claimant is a proper subject for Arbitration,'' and asked counsel to agree on a date for hearing. A hearing date having been set, counsel for appellant wrote to the association on February 7, 1963, (with a copy to counsel for respondent) as follows:

''The above matter has been set for hearing on February 19, 1963, before Judge Kenneth C. Newell as Arbitrator. We have raised two questions which must be determined before the issue of liability of the Respondent to the Claimant or the amount of damages can be reached. These two issues are (1) jurisdiction and (2) lack of coverage. Should either of these questions be determined in favor of Respondent, then it would not be necessary to proceed with the issues of liability and damages.

''It would, therefore, seem to be in the best interest of all concerned that the hearing on February 19 be limited to the question of jurisdiction and coverage.''

When the hearing was held, counsel for appellant again argued the matter of the arbitrator's jurisdiction and was overruled. Reserving the right thereafter to raise the question of jurisdiction, counsel then participated in the arbitration hearing which culminated in an award in favor of respondent. Appellant's petition to vacate the award, and respondent's cross-petition for confirmation were duly heard in the trial court; an order and judgment of confirmation were entered;[3] appellant appeals.

▆▆▆ Appellant contends that the arbitration clause of its policy did not constitute an agreement to arbitrate the issue of coverage and that a valid arbitration can be had only pursuant to a contract for arbitration. While the second contention is sound (Code Civ. Proc., §§ 1281 and 1281.2), we do not reach the validity of the first. ▆▆▆ It is well settled that parties may, if they wish, agree to submit to arbitration the issue of arbitrability itself. (*O'Malley* v. *Petroleum Maintenance Co.* (1957) 48 Cal.2d 107 [308 P.2d 9].) Both parties agree that, if the question of arbitrability and of coverage were properly before the arbitrator, his determination thereon is binding on the court in a confirmation proceeding. (*Interinsurance Exchange of Auto. Club* v. *Bailes,*

---

[3]As in *Interinsurance Exchange of Auto. Club* v. *Bailes* (1963) 219 Cal.App.2d 830, 833-834 [33 Cal.Rptr. 533], no final determination was made of the petition to vacate. As in that case, the omission is not fatal to the appeal, but better practice would seem to require a ruling on both petitions.

*supra* (1963) 219 Cal.App.2d 830.) Appellant twice submitted on its merits, the issue of whether or not respondent was covered by the insurance policy. It argued that issue in its lettters and documents submitted to the arbitrator in the summer and fall of 1962, and in its counsel's letter of February 7, 1963, above quoted, it again set out that issue as a matter to be decided by the arbitrator. Having thus submitted that issue for determination by the arbitrator, and having lost on the issue so submitted, its subsequent protests at the hearing came too late and its ''reservation'' of jurisdiction at that time was fruitless because there then remained nothing to reserve.

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.