[Civ. No. 40624. Second Dist., Div. Four. June 6, 1973.]

TITAN ENTERPRISES, INC., Plaintiff and Respondent, v. ARMO CONSTRUCTION, INC., Defendant and Appellant.

**COUNSEL**

Acret & Perrochet and Harry N. Zavos for Defendant and Appellant.

Earl D. Reese, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—This action involves a dispute between a subcontractor (Titan Enterprises, hereinafter referred to as "petitioner") and a general contractor (Armo Construction, hereinafter referred to as "respondent"), over alleged nonpayment for work done on a hospital building pursuant to a written contract. The dispute before us involves only a procedural issue—namely was that dispute properly submitted to and determined by arbitration?[1] The trial court held that it was; we disagree.

The construction contracts between the parties contained an arbitration clause. That clause was of the so-called self-executing type—i.e., its provisions permitted and provided for arbitration under rules therein incorporated without the necessity of securing a prior court order under section 1281.2 of the Code of Civil Procedure.

After the basic dispute had arisen, petitioner filed a mechanic's lien on the real property involved, followed by the filing of an action in the Municipal Court of the Los Angeles Judicial District. That action named as defendants the owner of the property, the present respondent and other persons alleged to have been involved in the underlying transaction. It sought both enforcement of the lien and a personal judgment against respondent. Respondent duly appeared, answered that complaint and set forth a counterclaim. Neither pleading referred to the arbitration clause in the basic contracts.

After the municipal court action was thus at issue, petitioner filed a demand with the arbitrator named in the contracts, seeking arbitration of the same dispute as that involved in the municipal court action. Although respondent objected that the filing of the municipal court action amounted to a waiver of the right to arbitrate, the arbitrator held otherwise. The arbitration proceeded, resulting in an award in favor of petitioner (although for a slightly lesser amount); on petition, and over objection by respondent, the superior court confirmed the award.

### I

Preliminarily, we consider whether the fact that respondent participated in the arbitration proceeding after its objection to arbitration had

---

[1] Thus neither the alleged breach nor the damages allowable are now before us. Under our decision they will, of course, be subject to relitigation in the municipal court action.

been twice overruled[2] bars it from raising the issue of arbitrability in the confirmation hearings and in this court. On that issue we find no direct authority; counsel, although specifically asked by us for such direct authority, have cited none.

The case at bench is not like *Fidelity & Cas. Co.* v. *Dennis* (1964) 229 Cal.App.2d 541 [40 Cal.Rptr. 418], and *Interinsurance Exch.* v. *Bailes* (1963) 219 Cal.App.2d 830 [33 Cal.Rptr. 533]. In those cases, the party seeking to object in the courts to an arbitration not only had participated in the arbitration proceedings but had briefed, argued and submitted to the arbitrator, as an arbitrable issue, the question of the arbitrability of the underlying issues. In those cases we held that the would-be objector, having once litigated the question of arbitrability before a tribunal of its own selection, was barred from relitigation of the same issue in the courts. No such prior adjudication exists in the case at bench.

Petitioner contends, and the trial court agreed, that waiver was "a question of fact or a mixed question of fact and law which was duly and properly decided by the arbitrator." Petitioner, and the trial court, relied for that proposition on language in *Palm Springs Homes, Inc.* v. *Western Desert, Inc.* (1963) 215 Cal.App.2d 270 [30 Cal.Rptr. 34]. But in that case, the issue before the arbitrators was not whether arbitration had been waived, but whether the filing of mechanics' liens was, under the terms of the contracts there involved, a breach of the contract. The language relates to that situation and is not directly applicable to the issue before us.

We note that the Legislature, in enacting a comprehensive statute on arbitration, has dealt with a situation comparable to the one at bench. While an order of the superior court denying a petition to compel arbitration is expressly appealable (Code Civ. Proc., § 1294, subd. (a)), an order directing arbitration is not appealable (*Bertero* v. *Superior Court* (1963) 216 Cal.App.2d 213 [30 Cal.Rptr. 719]; *Laufman* v. *Hall-Mack Co.* (1963) 215 Cal.App.2d 87 [29 Cal.Rptr. 829, 94 A.L.R.2d 1068]), although it may, in extreme cases, be reviewed by writ (*Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.* (1969) 271 Cal.App.2d 675 [77 Cal.Rptr. 100]). As this court pointed out in *Laufman,* that policy works no substantial hardship on the litigants—the objector may win at the arbitration hearing; if he does not the issue is reviewable on appeal from an order of confirmation (Code Civ. Proc., § 1294, subd. (d)), and, in the extreme

---

[2]The contract called for arbitration by the American Arbitration Association. When respondent first objected to arbitration, the association's "Supervising Administrator" rejected the objection; the objection was renewed at the opening of the arbitration hearing and the arbitrator summarily denied it.

cases envisaged by *Lesser Towers,* an intermediate review is available. We think that the same policy applies where an arbitration proceeds, under a "self-executing" agreement, without a preliminary court order. While an objector may, on a sufficient showing, stay the arbitration, the general policy is to require him to proceed with arbitration and then raise his objections either by opposition to a petition to confirm (as here) or by a petition under subdivision (d) of section 1286.2 of the Code of Civil Procedure to vacate the award.

## II

■ It follows that respondent properly raised, at the confirmation hearing, and properly raises here, the underlying issue: Did the filing of the municipal court action constitute a waiver of the petitioner's contract right to arbitrate the issue of respondent's liability?

On that issue, also, neither counsel nor our own research have discovered any direct authority. The problem is not without difficulty. A subcontractor, unpaid by a general contractor, has two possible remedies: he may proceed against the general contractor, relying on that obligor's solvency to pay any judgment or award, or he may proceed by way of foreclosure of a mechanic's lien, relying on the hope that the property will bring, at forced sale, enough to meet the obligation, or that the owner will, in order to save his property, be able and willing to meet the obligation. In many cases, neither remedy is totally satisfactory. Frequently the nonpayment of the subcontractor's claim is due to the financial troubles of the general contractor; frequently, the construction project was financially ill-advised, so that the total liens against the property exceed the amount that a forced sale will bring; it is rare that a property owner is either willing or able to salvage his property under such circumstances. Faced with these potential problems, it is understandable that a subcontractor will seek, as did petitioner here, to secure both remedies, in the hope that, cumulatively, he will recover his debt.

In that attempt, he is faced with the general rule that bringing suit on the basic contract, without seeking arbitration, is inconsistent with resort to arbitration thereafter and constitutes a waiver of the contractual provision for arbitration. (*Case* v. *Kadota Fig Assn.* (1950) 35 Cal.2d 596 [220 P.2d 912]; *Berman* v. *Renart Sportswear Corp.* (1963) 222 Cal. App.2d 385, 389 [35 Cal.Rptr. 218].) In *Homestead Sav. & Loan Assn.* v. *Superior Court (Petersen)* (1961) 195 Cal.App.2d 697 [16 Cal.Rptr. 121], where the amount involved was within the jurisdiction of the superior court, the claimant brought suit in that court, praying *both* for a foreclosure of its mechanic's lien and for arbitration under the basic contract. The

court held that that procedure was proper and sustained an order staying the foreclosure proceeding until the fact and extent of the debt had been determined in arbitration.

The procedure of the *Homestead* case was not directly available to petitioner. The amount involved brought the mechanic's lien portion within the jurisdiction of the municipal court, whereas a petition to compel arbitration must be brought in the superior court (Code Civ. Proc., § 1291). We need not decide, in this case, whether the availability of a superior court action under section 1292 would have permitted joinder, in that court, of the otherwise municipal court foreclosure proceeding, nor whether a concurrent demand for arbitration (either judicial or nonjudicial) coupled with an allegation of that demand in the municipal court suit would have preserved petitioner's totality of remedy. Petitioner attempted neither device, nor did it attempt in any other way to preserve its contractual right to arbitration. We know of no authority which would allow it to proceed as it did here.[3] The arbitrator was without authority to hear or determine the issues submitted to him; his award should be vacated.

The judgment is reversed.

Files, P. J., and Jefferson, J., concurred.

---

[3]The only difference between the case at bench and *Case* v. *Kadota Fig Assn.*, *supra*, 35 Cal.2d 596, is that, in *Case* the plaintiff in litigation did not raise the contention that there was arbitrable issues until after the defendant had filed what the court held was a counterclaim. That difference is immaterial to any issue now before us.