[Civ. No. 61035. Second Dist., Div. Two. May 6, 1981.]

JERRY L. WEBB, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and
Respondent;
JOHN D. PIRKLE et al., Real Parties in Interest and Respondents.

[redacted]

COUNSEL

Jerry L. Webb, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Klein & O'Rourke and Donald Klein for Real Parties in Interest and Respondents.

OPINION

**COMPTON, J.**—In a breach of contract action, the municipal court ordered plaintiff Jerry Webb to appear at the office of defendants' counsel for the purpose of taking his deposition. Plaintiff was also ordered to pay sanctions of $300 for a previous failure to appear.

Plaintiff petitioned the superior court for a writ of prohibition. That court entered a judgment vacating the sanctions but leaving intact the requirement that plaintiff appear for the taking of his deposition. Plaintiff has appealed. We have concluded that the "judgment" of the superior court is, under the circumstances as we will discuss, nonappealable. Since plaintiff has appeared in pro. per. and in order to illuminate the entire matter, we will, however, discuss the merits of the issues presented.

The parties agree that the municipal court action was subject to the rules of the Economical Litigation Project (ELP) (Cal. Rules of Court, rule 1701 et seq.). Those rules provide, inter alia, that no discovery is permissible except under certain limited circumstances. (Cal. Rules of Court, rule 1719.)

Rule 1719(e)(2), however, provides that *on motion* and subject to reasonable terms and conditions, the court *may* authorize the deposition of a party.

As best we can discern from plaintiff's brief, his contentions are that the order of the municipal court was not preceded by proper notice of motion and that he should not be required to travel to Santa Ana (the location of the office of defendants' counsel) for the deposition.

Defendants' counsel concedes that at the time he first noticed plaintiff's deposition, he was unaware of the provisions of the ELP. The issue first surfaced when defendants' counsel moved to strike the complaint as sanction for plaintiff's failure to appear at the deposition. The court refused to impose sanctions but did issue an order that plaintiff be deposed on a specified date.

When plaintiff again failed to appear for the deposition, defendants noticed another motion to strike the complaint. Plaintiff appeared at the hearing on that motion and argued against his being required to appear for deposition. The court ordered the complaint stricken "unless plaintiff submits to his deposition within 30 days." Plaintiff then commenced this writ proceeding.

Plaintiff contends that the rules require a noticed motion and limit the court's authority to order a deposition only in cases of "extreme or unusual circumstances."

We have no doubt that the intent of the rule is to require a noticed motion and that the opposing party have an opportunity to be heard in opposition to the ordering of a deposition. The entire purpose of the ELP is to reduce, to the extent possible, the cost and inconvenience of litigation. Rule 1719 has, as its starting point, the elimination of all discovery.

On the other hand, rule 1719(e)(2) appears to vest wide discretion in the trial court in determining when and under what circumstances a deposition may be ordered. The rule, as amended effective July 1, 1979, and at the time of the proceedings in the municipal court, contained no standards for or limitation on the exercise of that discretion. The requirement that it must appear that depositions are necessary because of the complexity of the case or extent of the damages, was, however, added effective May 1, 1980.

█ In the case at bench, defendants did not notice a motion specifically for the purpose of obtaining an order for a deposition. Their motion was for the purpose of imposing sanctions for a previous failure to appear. Nevertheless plaintiff appeared at the hearing and was afforded an opportunity to oppose the taking of the deposition. (See *Tate* v. *Superior Court* (1975) 45 Cal.App.3d 925 [119 Cal.Rptr. 835].)

In declining to issue an extraordinary writ, the superior court concluded that the latest order of the municipal court ordering plaintiff to submit to a deposition within 30 days was proper, a conclusion that was a proper exercise of the superior court's discretion.

█ In any event we have concluded that while the judgment of the superior court denying a petition for an extraordinary writ is specifically made appealable by Code of Civil Procedure section 904.1, when the petition on which the judgment was entered pertains to pretrial discovery in the municipal court, it is not appealable to this court.

The original discovery ruling in the municipal court was not an appealable order (Code Civ. Proc., § 904.2) nor would it have been an appealable order if the ruling had been made in a cause pending in the superior court. It defies logic to hold that it becomes one merely as a result of a petition asking the superior court to intervene in the discovery procedures of the municipal court. Such a holding would give a petitioner greater rights in a stranger court than he possesses in the court in which his action is pending and greater rights in the stranger court than are possessed by litigants whose actions are pending in that court.

It likewise confounds any rational allocation of appellate judicial resources to areas where they can be most advantageously employed. We do not ordinarily review final judgments of the municipal court, yet we would involve ourselves in reviewing matters regardless of how inconsequential they were if municipal court litigants were permitted to bring them here through the device of a petition for an extraordinary writ to the superior court.

While appellate review of the grant or denial of an extraordinary writ may be required when the merits of a municipal court cause have been adjudicated, i.e., some final determination of the rights of the parties has been made, (*Bloom* v. *Municipal Court* (1976) 16 Cal.3d 71, 75 [127 Cal.Rptr. 317, 545 P.2d 229]; *Gilbert* v. *Municipal Court* (1977)

73 Cal.App.3d 723 [140 Cal.Rptr. 897]), we see no reason to extend similar review to routine matters of municipal court pretrial discovery. Discovery matters are unlike the substantial rights normally adjudicated by the historic prerogative writs (Code Civ. Proc., §§ 1064, 1110) and they are reviewable in appellate courts only to the extent they have been made reviewable by judicial construction. (*Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185 [23 Cal.Rptr. 375, 373 P.2d 439].)

At bench, the superior court did not adjudicate any of petitioner's substantive rights but merely refused to intervene in the pretrial discovery ordered by the municipal court. The municipal court is the forum where the rights of the parties will be adjudicated, and it is that court which will issue a final judgment reviewable on appeal.

Because discovery involves no final determination of the rights of parties, we hold that review of municipal court discovery matters is limited to a petition for extraordinary writ in the superior court, as our review of superior court discovery matters is limited to petitions for extraordinary writ in this court. (*Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 169 [84 Cal.Rptr. 718, 465 P.2d 854].)

The appeal is dismissed.

Roth, P. J., and Fleming, J., concurred.