[Civ. No. 65544. Second Dist., Div. Two. June 2, 1983.]

ALFRED M. KEMPER, Plaintiff and Respondent, v.
HANS G. SCHARDT, Defendant and Appellant.

COUNSEL

Hans G. Schardt, in pro. per., for Defendant and Appellant.

Darryl O. Dickey for Plaintiff and Respondent.

OPINION

BEACH, J.—Appeal from judgment confirming arbitrator's award (Code Civ. Proc., § 1294). We affirm.

FACTS:

Appellant and respondent entered into a written contract whereby respondent, an architect, agreed to design several single family homes for appellant, a general licensed contractor since 1977. The agreement contained the following arbitration clause: "All disputes between the parties shall be decided by arbitration (AAA)." A dispute arose between the parties regarding payment for services rendered under the contract. Respondent submitted the controversy to arbitration. There were two hearings where both parties appeared. About two months thereafter, the arbitrator rendered his award in favor of respondent and ordering appellant to pay respondent certain sums and to pay arbitration fees.

Appellant petitioned the superior court to vacate the arbitration award on the grounds that the arbitration clause had been included fraudulently and that the

award was based on erroneous computations.[1] He alleged that he was a German native who could speak English but could not read it, that all negotiations between him and respondent had been in German, and that respondent had intentionally failed to inform appellant in German of the existence of the arbitration clause in the written agreement, which was in English. In a sworn declaration, filed in opposition to appellant's petition to vacate the arbitration award, respondent stated that though he had lived in Germany until the age of 14, some 33 years had passed since then so that his knowledge of German was limited, and that while he and appellant did resort to German words and phrases occasionally during the negotiations, this was the exception rather than the rule, and for the most part the discussions were conducted entirely in English. Respondent further stated in his declaration that prior to the negotiations both appellant and his wife informed respondent that appellant's wife was a law student who was preparing to take the state bar examination. Thereafter, in May 1981, respondent petitioned the superior court to confirm the arbitration award. The superior court denied appellant's petition to vacate the arbitration award, and granted respondent's petition to confirm the award, entering judgment thereon. This appeal by appellant followed.

ISSUES ON APPEAL:

The question before us is whether one who chooses to submit to arbitration and loses may then, for the first time, seek judicial relief on the basis that the arbitration agreement was fraudulently induced and therefore invalid.

DISCUSSION:

Arbitration has been encouraged and praised by the courts as an expeditious and economical method of relieving overburdened civil calendars. (*Madden* v. *Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 706 [131 Cal.Rptr. 882, 552 P.2d 1178].) But while public policy favors arbitration, that policy does not extend to compelling arbitration where none was agreed. (*Main* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1977) 67 Cal.App.3d 19, 32 [136 Cal. Rptr. 378].) As was stated in *Atkinson* v. *Sinclair Refining Co.* (1962) 370 U.S. 238, 241 [8 L.Ed.2d 462, 466, 82 S.Ct. 1318], " 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' "

The record indicates that appellant appeared at the arbitration hearing, where he testified in English on both direct and cross-examination, and presented witnesses on his behalf. Appellant stated in his declaration filed in support of

---

[1]Appellant apparently relies upon Code of Civil Procedure section 1286.2, subdivision (d) which provides that one of the several grounds for vacation of an arbitrator's award is when the arbitrator acts in excess of his power. The other listed grounds are inapplicable here.

his petition to vacate the arbitration award that among the issues presented to arbitration was his allegation that the written agreement did not reflect the oral agreement which had been reached between the parties in German. We note that on appeal appellant's basic contention is that the arbitration award was invalid because he was never told in German that there was going to be an arbitration clause in the written-in-English agreement. In deciding for respondent and against appellant, the arbitrator obviously found no merit to appellant's allegations.

■ Nothing in the record before us indicates any objection by appellant to the arbitrator's authority to act in the matter. Had he desired to do so appellant, after respondent's demand for arbitration, could have sought to restrain any arbitration proceedings by filing a petition in the superior court. (See *Sauter* v. *Superior Court* (1969) 2 Cal.App.3d 25, 27 [82 Cal.Rptr. 395].) In subjecting his person to arbitration and in participating in the arbitration process both through the presentation of witnesses testifying on his behalf and through his own direct testimony, appellant in effect submitted to the arbitrator's authority to decide both the substantive issue regarding liability for payments and the issue of whether there was a valid arbitration agreement. Consequently, he cannot now be heard to complain that the arbitrator was without jurisdiction to determine the issues because fraud vitiated the arbitration clause in the agreement.

Appellant's reliance on *Main* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, *supra*, 67 Cal.App.3d 19, 27 is misplaced. In *Main*, plaintiff executed a written agreement authorizing defendants to buy and sell securities for plaintiff. The agreement provided that any dispute arising thereunder "shall be submitted to arbitration . . . ." Plaintiff filed an action in superior court against defendants alleging losses due to mismanagement. She alleged she was elderly and unschooled and was induced to sign the writing through the fraud and undue influence of defendants and their failure to inform her of the arbitration clause contained in fine print on the reverse side of the agreement. The superior court denied defendants' motion to compel arbitration.

On appeal, the court in *Main*, relying, among other cases, on *Moseley* v. *Electronic Facilities* (1963) 374 U.S. 167 [10 L.Ed.2d 818, 83 S.Ct. 1815], held that when a party alleges in the superior court that fraud permeated the entire contract, including the arbitration clause, that issue must be determined judicially and not by arbitration. The court explained that to allow the issue to be decided by arbitrators would lead to enforcement of an arbitration agreement even though steeped in the grossest kind of fraud. (*Main* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, *supra*, 67 Cal.App.3d 19, 25, 27.)

Unlike the situation in *Main, supra,* the parties here both submitted to arbitration before seeking judicial relief. As we noted earlier, there was no attempt by appellant to present an in-court challenge to respondent's proposed submission to arbitration. Having submitted the issue of the validity of the agreement and having lost on it, appellant may not now again try his same case in another forum with the hope of a result different from that which he received in the first forum (the arbitration) to which he willingly submitted his entire case. Admittedly, parties cannot confer jurisdiction upon a court; but unlike a court of law, an arbitrator may herein decide any issue which the parties willingly present to it. It is too late for appellant to now complain that the arbitrator was without jurisdiction to determine the issue. (*Fidelity & Cas. Co.* v. *Dennis* (1964) 229 Cal.App.2d 541, 544 [40 Cal.Rptr. 418].)

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.