[Civ. No. 68597. Second Dist., Div. Two. Mar. 1, 1984.]

INTERNATIONAL FILM INVESTORS et al.,
Plaintiffs and Appellants, v.
ARBITRATION TRIBUNAL OF THE DIRECTORS GUILD
OF AMERICA, INC., Defendant and Respondent;
DIRECTORS GUILD OF AMERICA, INC., et al.,
Real Parties in Interest and Respondents.

**COUNSEL**

Kadison, Pfaelzer, Woodard, Quinn & Rossi, James Goldman and William M. Hensley for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Elliott Williams, Beverly S. Ware, Wyman, Bautzer, Rothman, Kuchel & Silbert, Lawrence D. Solomon and Thomas S. Mahr for Real Parties in Interest and Respondents.

OPINION

COMPTON, Acting P. J.—International Film Investors (IFI) petitioned the Superior Court of Los Angeles County for a writ of prohibition seeking to prevent the commencement of arbitration proceedings.[1]

IFI is a limited partnership whose primary business is development of motion picture investment opportunities including arrangement of financing, oversight of film production and distribution of rights. Friedman/Meyer Productions, Ltd. (F/M), one of the real parties, is a New York corporation.

In March 1980, F/M and IFI entered into a written agreement for the production of a movie based on the comic strip "Brenda Starr." IFI was primarily responsible for securing financing and exploiting various rights while F/M was primarily responsible for actual production. At the time of the negotiations the principals of F/M were being investigated by a federal grand jury for tax fraud. Because IFI was concerned that an indictment would jeopardize financing or production, the parties entered into an additional agreement providing that upon indictment and certain other conditions IFI had the right to remove F/M and take over production of the film.

F/M had entered into an employment agreement with David Silver, another real party, employing him as production manager for the film. IFI was not a party to the F/M-Silver agreement.

In November 1980, the principals of F/M were indicted and IFI exercised its takeover rights.

---

[1]The notice of appeal is taken from the minute order denying the petition. We construe the notice of appeal as taken from the final judgment denying the petition. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 63, p. 4077.)

Silver subsequently filed a claim against F/M with respondent Arbitration Tribunal of the Directors Guild of America, Inc., for failure to pay money due under the contract. The Directors Guild basic agreement of 1978 provides for arbitration of disputes. Both Silver and F/M were signatories to that basic agreement and, accordingly, they were bound by its arbitration clause. IFI was not a signatory to the basic agreement.

Before the commencement of the arbitration, F/M requested the arbitrator to add IFI as a respondent in the arbitration on the theory that IFI's exercise of their takeover rights subjected them to the arbitration requirement. Apparently F/M also took the position that as a result of the takeover IFI was directly liable to Silver for any breach of his employment contract. The arbitrator joined IFI on the basis of a stipulation between F/M and Silver.

At the present time there are three actions between F/M and IFI pending in both state and federal courts in New York involving the issue of whether IFI's takeover was valid under the agreement. Silver is not a party to any of these actions.

IFI filed its petition for peremptory writ of prohibition to stay the arbitration pending resolution of the New York actions on two grounds: (1) that they were not parties to the Directors Guild basic agreement and thus the arbitrator lacked jurisdiction, and (2) even if IFI was determined to be a party to the agreement, the arbitration should be stayed to prevent conflicting decisions by the arbitrator and the New York courts on the issue of whether the takeover was valid. At the time of the hearing, however, IFI specifically requested that a decision on the jurisdictional issue be deferred and that a stay was the more appropriate relief.

The trial court denied the petition on two grounds: (1) that the jurisdictional challenge had been waived by the request for a stay, and (2) that since Silver, not being a party to the New York actions, would not be bound by any judgment in those actions, a stay of his requested arbitration would not be proper.

IFI next filed a petition for writ of prohibition and a motion for stay of arbitration with this court. Both were summarily denied. This appeal followed. The arbitration has not commenced and the New York litigation has not been resolved.

Respondents and real parties contend that the order denying the petition was tantamount to an order compelling arbitration and thus was not an appealable order. (*Titan Enterprises, Inc.* v. *Armo Construction, Inc.* (1973)

32 Cal.App.3d 828, 831 [108 Cal.Rptr. 456]; *Bertero* v. *Superior Court* (1963) 216 Cal.App.2d 213, 222 [30 Cal.Rptr. 719]; *Laufman* v. *Hall-Mack Co.* (1963) 215 Cal.App.2d 87, 88 [29 Cal.Rptr. 829, 94 A.L.R.2d 1068].)[2] Alternatively, they argue that a denial of a stay is interlocutory in nature and thus not appealable. (*Berman* v. *Renart Sportswear Corp.* (1963) 222 Cal.App.2d 385, 388 [35 Cal.Rptr. 218]; 6 Cal.Jur.3d, Arbitration and Award, § 15, pp. 40-41.)

Procedurally this case is a mirror image of the usual case in which the party desiring arbitration seeks judicial intervention to *compel* his opponent to submit to arbitration. Here IFI won the race to the courthouse by filing its petition to *prevent* arbitration.

■ In the usual case interlocutory decisions as to arbitrability, and in fact ultimate orders to compel arbitration, *are not appealable* while on the other hand an order *denying a petition to compel arbitration is appealable.* (Code Civ. Proc., § 1294.)

" '[I]f at the very threshold of the proceeding the defaulting party could appeal and thereby indefinitely delay the matter of arbitration, the object of the law and the purpose of the written agreement [to arbitrate] of the parties would be entirely defeated.' " (*Laufman* v. *Hall-Mack, supra,* at p. 88, quoting *Jardine-Matheson Co., Ltd.* v. *Pacific O. Co.* (1929) 100 Cal.App. 572, at pp. 575-576 [280 P. 697].) *Laufman* continues: "Requiring appellant to submit to arbitration at this time will not substantially affect its rights. In the arbitration proceeding, appellant may prevail on the issue [of arbitrability] . . . . On the other hand, if appellant loses in arbitration it then has a statutory right of appeal under section 1294 of the Code of Civil Procedure." (*Laufman* v. *Hall-Mack, supra,* at pp. 89-90.)

On the other hand, a judgment either *granting or denying* a petition for extraordinary writ or injunction *is appealable.* (Code Civ. Proc., §§ 1110, 904.1, 2 Witkin, Cal. Procedure (2d ed. 1970) Provisional Remedies, § 106, pp. 1536-1537; *Bloom* v. *Municipal Court* (1976) 16 Cal.3d 71 [127 Cal.Rptr. 317, 545 P.2d 229].) Thus IFI, by this procedure, seeks to circumvent the effect of Code of Civil Procedure section 1294, and the *Laufman* rationale.

---

[2]Code of Civil Procedure section 1294 provides: "An aggrieved party may appeal from: (a) An order dismissing or denying a petition to compel arbitration. (b) An order dismissing a petition to confirm, correct or vacate an award. (c) An order vacating an award unless a rehearing in arbitration is ordered. (d) A judgment entered pursuant to this title. (e) A special order after final judgment."

True, the use of a writ of prohibition has been approved to restrain the enforcement of an order compelling arbitration if the matters ordered to be arbitrated fall clearly outside the scope of the arbitration agreement. (*Kemper* v. *Schardt,* (1983) 143 Cal.App.3d 557, 560 [192 Cal.Rptr. 46]; *Lovret* v. *Seyfarth* (1972) 22 Cal.App.3d 841 [101 Cal.Rptr. 143]; *Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.* (1969) 271 Cal.App.2d 675 [77 Cal.Rptr. 100]; *Laufman* v. *Hall-Mack Co., supra,* 215 Cal.App.2d 87.)

In the context of the case at bench, however, we are persuaded that prohibition was not the proper remedy since there was no judicial act to be restrained. Prohibition is a writ to restrain *judicial actions* in excess of jurisdiction. (Code Civ. Proc., § 1102.) It does not lie to restrain the acts of an arbitrator.

We thus consider the effect of treating the petition as one for injunction, a remedy which has been approved to prevent threatened arbitration where grounds existed which would defeat a petition to compel arbitration.[3] *N.A.M.E.S.* v. *Singer* (1979) 90 Cal.App.3d 653 [153 Cal.Rptr. 472]; *Windsor Mills, Inc.* v. *Collins & Aikman Corp.* (1972) 25 Cal.App.3d 987 [101 Cal.Rptr. 347]; *California State Council of Carpenters* v. *Superior Court* (1970) 11 Cal.App.3d 144, 156 [89 Cal.Rptr. 625]; Using Contractual Arbitration for Cost-effective Dispute Resolution (Cont.Ed.Bar) § 27, p. 17 (Program Material Nov. 1982).

Permitting an appeal from a judgment *granting* a petition for an injunction under such circumstances would of course be consistent with the spirit and purpose of Code of Civil Procedure section 1294. Conversely, a judgment denying such petition is the practical equivalent of an order to compel arbitration and an appeal from the latter does violence to the spirit and purpose of Code of Civil Procedure section 1294. Judicial economy would also suggest that an appeal from a judgment denying a petition for an injunction in this context ought not be countenanced.

By way of background to our resolution of the problem we draw an analogy between the procedure employed at bench and the procedure discussed and criticized in *Gilbert* v. *Municipal Court* (1977) 73 Cal.App.3d 723 [140 Cal.Rptr. 897] and *Burrus* v. *Municipal Court* (1973) 36 Cal.App.3d 233

---

[3]Code of Civil Procedure section 1281.2 provides (in part) that arbitration shall be compelled by the court unless: "(a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for the revocation of the agreement. (c) A party to the arbitration agreement is also a party to a pending court action or special proceedings with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact."

[111 Cal.Rptr. 539]. In these decisions it was observed that there existed a "loophole in our appellate system" which permitted full appellate review of intermediate rulings made by municipal or justice courts through the mechanism of filing a petition for a writ of mandate or prohibition in the superior court. An order, which was not appealable in the municipal court was thereby transformed into an appealable judgment in the superior court. As a result of the exasperation expressed by the courts in *Gilbert* and *Burrus,* this "loophole" was apparently closed by the Legislature when it amended Code of Civil Procedure section 904.1 in 1982, to provide that a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition directed to a municipal court or a justice court is not appealable.

While that particular provision of Code of Civil Procedure section 904.1 is not directly applicable here, for the reason that the language is confined to extraordinary writs directed to municipal and justice courts, it evidences a legislative desire to eliminate these procedural anachronisms whenever they are exposed.

Even prior to the amendment to Code of Civil Procedure section 904.1, this court, in *Webb* v. *Municipal Court* (1981) 118 Cal.App.3d 881 [173 Cal.Rptr. 636], refused to entertain an appeal from a judgment denying a petition for writ of prohibition to restrain enforcement of a discovery order in the municipal court.

"While appellate review of the grant or denial of an extraordinary writ may be required when the merits of a municipal court cause have been adjudicated, i.e., some final determination of the rights of the parties has been made, *(Bloom* v. *Municipal Court* (1976) 16 Cal.3d 71, 75 [127 Cal.Rptr. 317, 545 P.2d 229]; *Gilbert* v. *Municipal Court* (1977) 73 Cal.App.3d 723 [140 Cal.Rptr. 897]), we see no reason to extend similar review to routine matters of municipal court pretrial discovery. Discovery matters are unlike the substantial rights normally adjudicated by the historic prerogative writs (Code Civ. Proc. §§ 1064, 1110) and they are reviewable in appellate courts only to the extent they have been made reviewable by judicial construction." *(Id.,* pp. 885-886.)

Here as in *Webb, supra,* 118 Cal.App.3d at page 886, "[T]he superior court did not adjudicate any of petitioner's substantive rights but merely refused to intervene in the [arbitration process]." The rights of the parties will be adjudicated by the arbitrator and ultimately the superior court, which will issue a final judgment reviewable on appeal.

While we concede that the problem here is not as acute as that discussed in *Burrus, Gilbert* and *Webb,* it seems to us that many of the same policy considerations discussed by the *Gilbert* and *Burrus* courts, and by this court in *Webb,* apply to arbitration panels. There is the added consideration that the entire purpose of arbitration, in cases like this one, is to avoid the expense and delay inherent in litigation.[4]

■ In general, we agree with those courts which have enunciated the principle that the preferred procedure in arbitration proceedings is to proceed with the arbitration and attack the intermediate rulings in connection with a petition to vacate or confirm the arbitrator's award or on appeal from the judgment confirming the award. (*Atlas Plastering, Inc.* v. *Superior Court* (1977) 72 Cal.App.3d 63 [140 Cal.Rptr. 59]; *Maddy* v. *Castle* (1976) 58 Cal.App.3d 716 [130 Cal.Rptr. 160]; *Stermer* v. *Modiano Constr. Co.* (1975) 44 Cal.App.3d 264 [118 Cal.Rptr. 309]; *Titan Enterprises, Inc.* v. *Armo Construction, Inc., supra,* 32 Cal.App.3d 828.) There is no risk that the jurisdictional issue will be waived by participation in the arbitration as long as the jurisdictional objection is raised prior to participation. (See, e.g. *Kemper* v. *Schardt, supra,* 143 Cal.App.3d 557, 560; *Fidelity & Cas. Co.* v. *Dennis* (1964) 229 Cal.App.2d 541 [40 Cal.Rptr. 418].) (*Maddy* v. *Castle, supra,* 58 Cal.App.3d 716; *Wheeler* v. *St. Joseph Hospital* (1976) 63 Cal.App.3d 345 [133 Cal.Rptr. 775, 84 A.L.R.3d 343]; *Titan Enterprises, Inc.* v. *Armo Construction, Inc., supra,* 32 Cal.App.3d 828.)

In the case at bench the "bottom line" is that Silver, who is a stranger to the actions pending in New York, is entitled to an expeditious resolution of his claim.

■ We hold that the judgment is nonappealable and this appeal is dismissed.

Beach, J., and Gates, J., concurred.

---

[4]We are aware of the fact that the appeal in this matter did not legally prevent the arbitration from moving forward. The fact is that the arbitration has not moved forward. We suspect the reason is simply a reluctance on the part of the arbitrator to commence without being assured that IFI's appeal will be unsuccessful. This practical problem was also noted in *Burrus* v. *Municipal Court, supra,* 36 Cal.App.3d 233.