Filed 8/23/24  Doe v. Indus Investments CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>INDUS INVESTMENTS, INC. et al.,<br><br>    Defendants and Appellants. | B331252<br><br>(Los Angeles County<br> Super. Ct. No. 23STCV04190) |

APPEAL from an order of the Superior Court of Los Angeles County, Anne Richardson, Judge.  Affirmed.

Timothy D. McGonigle; Greenberg Traurig and Scott D. Bertzyk for Defendants and Appellants.

Shirazi Law Firm and Emanuel S. Shirazi for Plaintiff and Respondent.

Plaintiff John Doe was employed by defendants Indus Investments, Inc. (Indus), Tehmina Adaya (Adaya), and Royal Lush, LLC (Rush). Indus and Adaya initiated arbitration against plaintiff for alleged tortious conduct. In turn, plaintiff filed a lawsuit against all defendants, asserting sexual harassment, retaliation, and wage and hour claims. The trial court subsequently denied defendants' petition to compel arbitration of plaintiff's claims, in part, because the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (9 U.S.C. § 401 et seq.; the Act) prohibits arbitration of plaintiff's sexual harassment claims. Defendants challenge this ruling on appeal. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2017, plaintiff began working for defendants. In February 2018, plaintiff signed an arbitration agreement that covered all employment-related disputes. Plaintiff was terminated on June 3, 2022.

On June 27, 2022, Indus and Adaya filed a demand for arbitration with JAMS pursuant to the arbitration agreement. Defendants asserted five claims against plaintiff: breach of written agreement; invasion of privacy; civil remedies for violation of the Comprehensive Computer Data Access and Fraud Act; civil remedies for violation of the Computer Fraud and Abuse Act; and intentional infliction of emotional distress. Plaintiff participated in the arbitration by filing an answer. In his answer, plaintiff generally denied all the allegations, asserted multiple affirmative defenses and alleged defendants initiated the arbitration "in retaliation for [his] sexual harassment, retaliation/wrongful termination, and wage and hour claims made." Plaintiff further alleged the "sexual harassment claims are not subject to Arbitration pursuant to federal law" and he would be filing a

2

complaint asserting such claims in the trial court. Plaintiff participated in the process of selecting an arbitrator.

On February 27, 2023, plaintiff filed a complaint against all defendants, which, as relevant here, included claims of sexual harassment.[1] The complaint alleged plaintiff was hired by defendants in March 2017 as a personal assistant working directly for Adaya. During his employment, Adaya "would give unwanted sexual attention" to plaintiff. "After 2019, the sexual harassment worsened" and Adaya "would engage in inappropriate sexual conduct towards [p]laintiff." Also, on or around June 2, 2020, Adaya inappropriately asked plaintiff to help her find an escort service. On July 11, 2022, plaintiff filed a complaint against defendants with the Department of Fair Employment and Housing, now the Civil Rights Department (Department), and requested an immediate right-to-sue letter. That same day, the Department issued plaintiff a right-to-sue letter and closed the case.

On April 6, 2023, defendants filed a petition to compel arbitration and stay the proceedings.[2] Defendants contended the arbitration agreement previously signed by plaintiff covered the claims asserted in the complaint. Defendants noted plaintiff's position that, despite the agreement to arbitrate, he could not be compelled to arbitrate his sexual harassment claims under

---

[1] Plaintiff asserted 18 causes of action against defendants: (1) sexual harassment; (2) assault; (3) failure to prevent harassment; (4) gender violence; (5) retaliation; (6) negligent hiring, supervision, and retention; (7) wrongful termination in violation of public policy; (8) intentional infliction of emotional distress; (9) failure to pay minimum wages; (10) failure to pay overtime wages; (11) failure to provide meal periods; (12) failure to provide rest periods; (13) failure to make payment within the required time; (14) failure to provide accurate itemized wage statements; (15) unfair competition; (16) failure to provide personnel records; (17) failure to provide itemized payroll records; and (18) failure to indemnify.

[2] Defendant sought other relief not relevant to this appeal.

3

the Act, which took effect on March 3, 2022. Defendants argued the Act was not retroactive and that plaintiff's complaint "is dominantly, if not exclusively, focused on claims that would have accrued prior to the effective date of the statute." Defendants also argued plaintiff waived his right to challenge arbitration because he voluntarily participated in the JAMS proceedings. In addition, plaintiff interjected his sexual harassment claims in the arbitration by raising those claims as an affirmative defense.

Plaintiff filed an opposition, arguing that the Act applied to his sexual harassment claims because defendants' "pattern of unlawful behavior continued beyond March 3, 2022." In support, plaintiff attached his declaration alleging that the "sexual harassment continued through May 2022." Plaintiff recalled one specific incident in "May 2022 where Defendant Adaya grabbed [his] genitalia."

In reply, defendants acknowledged plaintiff's new "allegations of sexual assault" occurred after the effective date of the Act. However, defendants argued the majority of plaintiff's claims were subject to arbitration as they allegedly occurred prior to the effective date. Defendants attached a complaint plaintiff made to Human Resources personnel on May 27, 2022, asserting multiple incidents of sexual harassment. The alleged incidents described by plaintiff occurred from 2019 through May 2022.[3] Defendants then requested that "the post March 3, 2022 claims should be stayed pending arbitration of [prior] claims." Alternatively, defendants argued plaintiff "voluntarily, actively, and repeatedly" participated in the arbitration process and therefore waived any right to now object to it.

---

[3]    We note that defendants do not accurately describe this report in their reply brief in the trial court and in their briefing on appeal.

4

On July 18, 2023, the trial court issued an order partially granting the petition to compel arbitration as to the causes of action that bore no relationship to plaintiff's sexual harassment claims. However, the court denied the petition as to the sexual harassment claims. The court reasoned that the Act applies to those claims as they accrue as of the date of the last violation. Although the complaint did not include allegations occurring after the Act's effective date (March 3, 2022), the court accepted the unpled allegation by plaintiff of the additional claimed act that occurred in May 2022. The court rejected defendants' "proposal to split the causes of action and order those actions that occurred before the [Act] was passed to be adjudicated in arbitration, and order those that came after to be litigated in court."

Defendants timely appealed.[4]

## DISCUSSION

On appeal, defendants contend the Act is inapplicable to plaintiff's sexual harassment claims. Even if the Act applies, defendants alternatively argue plaintiff waived his right to challenge the arbitration of these claims based on his voluntary participation in the JAMS proceedings. We review the trial court's denial of the petition to compel arbitration under a de novo standard. (*Kader v. Southern California Medical Center, Inc.* (2024) 99 Cal.App.5th 214, 221 (*Kader*).)

The Act voids predispute arbitration clauses in cases involving allegations of sexual assault and sexual harassment "'at the election of the

---

[4]     We grant defendants' supplemental request for judicial notice of plaintiff's submission of the operative complaint in the arbitration proceedings.

person alleging [such] conduct.'" (See *Murrey v. Superior Court* (2023) 87 Cal.App.5th 1223, 1234.) The Act applies "to any dispute or claim that arises or accrues on or after [its] date of enactment." (Pub.L. No. 117-90, § 3 (Mar. 3, 2022) 136 Stat. 28, reprinted in notes foll. 9 U.S.C. § 401; see *Kader, supra,* 99 Cal.App.5th at p. 224.) The Act was signed into law on March 3, 2022. (*Kader, supra*, at pp. 222, 224.)

First, defendants contend the trial court erred in applying the Act to plaintiff's sexual harassment claims by relying on his declaration attesting to an additional act occurring May 2022, after the Act's effective date. Defendants argue the court was only permitted to look to the allegations in the complaint, which did not allege an act of sexual harassment took place after March 3, 2022. This challenge to plaintiff's declaration was not argued before the trial court at any point. Defendants did not challenge the propriety of the new allegation (i.e., the May 2022 act) in plaintiff's declaration but asserted "the majority of [the] harassment claims allege conduct that took place before [March 3, 2022]." Defendants repeatedly requested the trial court sever and stay any alleged act post-March 3, 2022, pending arbitration of the prior acts. At oral argument, defendants contended they did not have time to brief the issue of plaintiff's new allegation of sexual harassment contained in his declaration. We disagree. Defendants had the opportunity but failed to raise this issue in their reply brief. Therefore, we conclude defendants forfeited the argument raised here by failing to raise it below. (*In re Marriage of Eben–King & King* (2000) 80 Cal.App.4th 92, 117 [a party who fails to raise an issue in the trial court forfeits the right to do so on appeal].)

Alternatively, defendants contend plaintiff waived any objection to arbitration of the sexual harassment claims by voluntarily participating in

6

the JAMS proceedings.  We disagree.  Defendants rely on *Kemper v. Schardt* (1983) 143 Cal.App.3d 557, which is distinguishable.  In that case, a party challenged the arbitrator's jurisdiction in a post-arbitration proceeding to confirm the award.  (*Id.* at p. 560.)  This party had appeared at the arbitration proceeding, called witnesses, and testified on his own behalf.  The submission of his entire case to the arbitrator was held to preclude a post-arbitration challenge to the arbitrator's jurisdiction.  (*Id*. at pp. 560–561.)

That is not the case here.  The record before us establishes that the arbitration was initiated based on allegations of plaintiff's, not defendants', tortious conduct.  While plaintiff participated in the arbitration of defendants' claims, he at no time agreed to submit his sexual harassment claims against defendants to arbitration.  None of plaintiff's sexual harassment claims were adjudicated by an arbitrator.  Rather, plaintiff asserted in his answer in the arbitration that he intended to bring his sexual harassment claims in the trial court as they were not subject to arbitration under federal law.  Thus, plaintiff's first appearance in the arbitration was a clear statement that his sexual harassment claims were exempt from arbitration.  (See *Keller Construction Co. v. Kashani* (1990) 220 Cal.App.3d 222, 225, fn. 2 [the party's "limited participation in the arbitration did not constitute a waiver of his right to later contest the arbitrator's jurisdiction over him"].)  He then filed a complaint in the trial court asserting these claims and others.  At the time of filing the complaint, it does not appear the parties had  agreed on an arbitrator to adjudicate defendants' claims.  Moreover, plaintiff again objected to arbitrating his sexual harassment claims in his opposition to defendants' petition to compel arbitration.  Therefore, we conclude plaintiff did not waive any objection to arbitration of his sexual harassment claims against defendants.

**DISPOSITION**

The order is affirmed.  Plaintiff is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


COLLINS, Acting P. J.


MORI, J.