[No. B013894. Second Dist., Div. Six. May 9, 1986.]

R. BAKER, INC., Plaintiff and Appellant, v.
MOTEL 6, INC. et al., Defendants and Respondents.

COUNSEL

Robert D. Wendt, Gregory D. Abel and Ronca & Woolpert for Plaintiff and Appellant.

A. Barry Cappello, James E. Herman, Diane M. Matsinger and Cappello & Foley for Defendants and Respondents.

OPINION

GILBERT, J.—Here we come to the unremarkable conclusion that Code of Civil Procedure section 1281.5[1] means what it says: A party who files an action to enforce a mechanic's lien, but who does not at the same time request that the action be stayed pending arbitration, waives any right to arbitration.

FACTS

Appellant, R. Baker, Inc. (Baker), appeals from the preliminary injunction restraining it from arbitrating a dispute with respondents Motel 6, Inc., and Rudy Simone Construction Company, Inc. (Simone).

Baker performed construction work for Motel 6 and Simone pursuant to a written agreement with Simone. The agreement contained a clause providing for arbitration in the event of a dispute between the parties.

On May 6, 1982, Baker filed a complaint against Simone and Motel 6 to foreclose a mechanic's lien and for damages. Shortly after filing the action, Baker's attorney and the attorney then representing Motel 6 and Simone, Joseph Melino, discussed resolving the dispute before the American Arbitration Association. Baker's attorney gave Melino an open extension of

---

[1] All statutory references hereinafter are to the Code of Civil Procedure unless otherwise specified.

time in which to answer or otherwise plead, which Melino confirmed in a letter dated June 8, 1982. In this letter he also suggested that the matter be arbitrated.

Several amended complaints later, Melino moved to withdraw as attorney for respondents. In his declaration, which was served on Baker on November 28, 1984, he alleged, among other things, that a conflict had developed between him and his clients. He had tentatively agreed with opposing counsel to resolve the dispute by way of arbitration, but his clients opposed binding arbitration.

On November 30, Baker filed its demand for arbitration. The new attorneys representing Motel 6 and Simone answered the complaint and thereafter brought a motion to enjoin arbitration. The court issued a preliminary injunction restraining Baker from proceeding to arbitration because Baker had not complied with Code of Civil Procedure section 1281.5 in that it failed to request a stay when it filed its complaint.

DISCUSSION

I

Section 1281.5 states: "Any person, who proceeds to record and enforce a claim of lien by commencement of an action pursuant to the provisions of Title 15 (commencing with Section 3082) of Part 4 of Division 3 of the Civil Code, shall not thereby waive any right of arbitration which such person may have pursuant to a written agreement to arbitrate, if, in filing an action to enforce such claim of lien, the claimant at the same time presents to the court an application that such action be stayed pending the arbitration of any issue, question, or dispute which is claimed to be arbitrable under such agreement and which is relevant to the action to enforce the claim of lien. The applicant may join with the application for the stay, pending arbitration, a claim of lien otherwise within the jurisdiction of the municipal court."

Baker contends that its failure to request a stay does not constitute a waiver of his right to arbitration. It argues that although the statute specifically states that arbitration is not waived if a stay is requested upon filing its complaint, the statute says nothing about the failure to file an application for a stay. According to this logic, a party does not waive arbitration unless there is a specific waiver.

As respondent points out, prior to the enactment of section 1281.5 in 1977, the filing of an action on a contract without seeking to preserve

arbitration constituted a waiver of a contract provision for arbitration. (*Titan Enterprises, Inc.* v. *Armo Construction, Inc.* (1973) 32 Cal.App.3d 828, 832 [108 Cal.Rptr. 456].) In *Titan,* plaintiff, a subcontractor filed an action against the contractor seeking to enforce a mechanic's lien.

The rule in *Titan* created a "damned if you do damned if you don't" situation for a plaintiff wishing to file a mechanic's lien, and to arbitrate his claim. If the time limits for filing a mechanic's lien were not followed, an action to enforce the lien could not be maintained. But, if the action to enforce the mechanic's lien was properly brought, the materialman would waive any rights to arbitration. Section 1281.5 came to the rescue. The legislative counsel's comment to the section points out that the filing of an action to enforce the lien does not constitute waiver of the right to arbitrate provided the claimant applies for a stay. (Legis. Counsel's com.; Stats. 1977, ch. 135, Assem. Bill No. 322.)

The statute would be meaningless if we were to adopt Baker's construction (excuse the pun).

## II

Baker also contends that respondent should be equitably estopped from asserting the statute to defeat its right to arbitrate. Baker claims it relied on attorney Melino's statements that respondents intended to have the dispute resolved by way of arbitration.

Respondents are correct when they assert the doctrine of equitable estoppel is not available to Baker because there is no showing of reliance. (*Varela* v. *Wells Fargo Bank* (1971) 15 Cal.App.3d 741, 748 [93 Cal.Rptr. 428].) Baker did not prejudicially change its position because of representations by respondents' attorney, Melino. It was after Baker filed its complaint that Melino discussed arbitration with Baker's attorney. Section 1281.5 required Baker to request a stay at the time it filed its action, not afterwards. There is no allegation that any representations concerning arbitration were made prior to the filing of Baker's action.

The order of the trial court is affirmed and respondents are awarded their costs on appeal.

Stone, P. J., and Abbe, J., concurred.