Filed 6/6/18

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| VON BECELAERE VENTURES, LLC, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JAMES ZENOVIC, <br><br> Defendant and Appellant. | D072620 <br><br><br> (Super. Ct. No. 37-2017-00011817-CU-CD-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Ronald L. Styn, Judge. Affirmed.

Law Office of Johanna S. Schiavoni, Johanna S. Schiavoni; Purdy & Bailey, Micah L. Bailey and Mark Serino for Defendant and Appellant.

Niddrie Addams Fuller Singh and Rupa G. Singh for Plaintiff and Respondent.

INTRODUCTION

James Zenovic doing business as James Zenovic Construction (Zenovic) appeals an order denying his petition to compel arbitration in an action filed by Von Becelaere Ventures, LLC (VBV) in San Diego County. The trial court determined Zenovic waived his right to compel arbitration by filing a separate complaint in Orange County to

foreclose on a mechanics lien without complying with provisions in Code of Civil Procedure section 1281.5[1] to preserve his arbitration rights. Zenovic contends the court misread and misapplied section 1281.5, which he contends should only apply to the mechanics lien action and should not operate to preclude arbitration of the separate action filed by VBV. We disagree. We conclude section 1281.5 "means what it says: A party who files an action to enforce a mechanic's lien, but who does not at the same time request that the action be stayed pending arbitration, waives any right to arbitration." (*R. Baker v. Motel 6* (1986) 180 Cal.App.3d 928, 929 (*Baker*).) We, therefore, affirm the order.

BACKGROUND

A

VBV entered into a construction contract with Zenovic to construct a single-family residence on property owned by VBV in Laguna Beach. VBV and Zenovic both maintain addresses in San Diego County.

The construction contract contained an arbitration agreement stating, "If any dispute arises concerning this Contract or the interpretation thereof, or concerning construction of the Improvements, or the Limited Warranty, customer service, defects, damages, or obligations therewith (a 'Construction Dispute'), such Construction Dispute will be settled by binding arbitration."

---

[1]    Further statutory references are to the Code of Civil Procedure unless otherwise stated.

B

Apparently, a dispute arose between the parties. Zenovic recorded a mechanics lien in Orange County on March 20, 2017, asserting VBV owed $449,126.96 for work furnished at the property.

VBV filed a construction defect complaint on April 3, 2017, in the Superior Court of San Diego County (San Diego action) asserting causes of action for breach of contract; negligence; an accounting; violations of Business and Professions Code section 7000, et seq.; breach of the covenant of good faith and fair dealing; aiding and abetting fraud; aiding and abetting breach of fiduciary duty; and violation of Penal Code section 496. VBV alleged Zenovic breached the construction contract by "(a) failing to properly perform and construct the Work; [¶] (b) failing to hire properly licensed and insured subcontractors; [¶] (c) failing to comply with proper license and insurance requirements; [¶] (d) failing to obtain written subcontract agreements; [¶] (e) failing to properly supervise the Work; [¶] (f) failing to maintain and provide upon request proper accounting records; [¶] (g) failing to properly manage expenses and allowing gross overages; [¶] (h) failing to comply with requirements regarding change orders, improperly billing for extra work and improperly categorizing work as extra work which should have been covered under the contract as included work; and [¶] (i) improperly filing and asserting an untimely mechanics lien and threatening to file suit to foreclose on the improper lien."

VBV's third cause of action for an accounting alleged it overpaid Zenovic as a result of "fraudulent, incomplete and inaccurate billing" for the project and sought a "complete and accurate accounting of the cost of work."

The sixth cause of action for aiding and abetting fraud alleged the defendants conspired to defraud VBV with excessive billing for which VBV paid, and "subsequently improperly recorded an untimely Mechanics Lien against the Residence in the amount of $449,126.96. Defendants then demanded [VBV] pay the sum of $648,811.43 or they would file a lawsuit to foreclose on the Mechanics Lien."

A few days after being served with the San Diego action, Zenovic filed on April 7, 2017, a complaint in the Superior Court of Orange County (Orange County action) asserting causes of action for breach of contract, reasonable value, account stated, open book account, abuse of process, foreclosure on mechanics lien, and breach of the covenant of good faith and fair dealing. Zenovic alleged VBV refused to pay money due under the construction contract for labor, materials, and services provided for construction of the residence. Zenovic sought to foreclose on the mechanics lien.

About a month later, Zenovic filed a motion to compel arbitration in the San Diego action. He contended VBV's entire complaint was arbitrable because the allegations for each cause of action qualified as a "Construction Dispute" under the terms of the arbitration agreement, including VBV's causes of action for accounting, aiding and abetting fraud and breach of fiduciary duty based on allegations of mismanagement of construction and billing practices, and violation of Penal Code section 496 based on allegations of theft of construction funds.

4

Thereafter, the parties submitted a stipulation to the Orange County Superior Court agreeing to transfer the Orange County action to San Diego County Superior Court and requesting the two actions be consolidated. The Orange County court ordered the Orange County action transferred to San Diego County Superior Court and to be related to the San Diego action.

The court denied Zenovic's petition to compel arbitration of the San Diego action finding Zenovic waived the right to compel arbitration by failing to comply with section 1281.5, subdivision (a), when filing the Orange County action. Because Zenovic waived the ability to enforce the arbitration provision, the court also denied the petition to compel arbitration as to codefendants Union Site Contracting and Joseph Zenovic finding there is a possibility of conflicting rulings on a common issue of law or fact. Union Site Contracting and Joseph Zenovic are not parties to this appeal.[2]

## DISCUSSION

Zenovic contends section 1281.5 applies only to an action to enforce a mechanics lien and should not operate to waive his right to arbitrate other contractual disputes. We disagree.

### I

" 'Generally, the determination of waiver is a question of fact, and the trial court's finding, if supported by sufficient evidence, is binding on the appellate court. [Citations.]

---

[2] Union Site Contracting and Joseph Zenovic separately appealed the order denying the motion to compel arbitration and a subsequent order awarding attorney fees. That appeal will be considered separately. (*Von Becelaere Ventures, LLC v. James Zenovic et al.,* D073108.)

5

"When, however, the facts are undisputed and only one inference may reasonably be drawn, the issue is one of law and the reviewing court is not bound by the trial court's ruling." ' " (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 375.)

## II

Section 1281.5, subdivision (a) states:  "Any person who proceeds to record and enforce a claim of lien by commencement of an action pursuant to Chapter 4 (commencing with Section 8400) of Title 2 of Part 6 of Division 4 of the Civil Code, does not thereby waive any right of arbitration the person may have pursuant to a written agreement to arbitrate, if, in filing an action to enforce the claim of lien, the claimant does either of the following:  [¶] (1) Includes an allegation in the complaint that the claimant does not intend to waive any right of arbitration, and intends to move the court, within 30 days after service of the summons and complaint, for an order to stay further proceedings in the action.  [¶] (2) At the same time that the complaint is filed, the claimant files an application that the action be stayed pending the arbitration of any issue, question, or dispute that is claimed to be arbitrable under the agreement and that is relevant to the action to enforce the claim of lien."

## A

Zenovic contends the title of the statute has some significance.  However, as enacted and amended by the Legislature, section 1281.5 never contained a title.  (See Stats. 1977, ch. 135, § 1, pp. 571–572; Stats. 1989, ch. 470, § 1, p. 1677; Stats. 1998, ch. 931, § 122, p. 6466; Stats. 2002, ch. 784, § 82, p. 4765; Stats. 2003, ch. 22, § 1,

6

pp. 97–98; Stats. 2010, ch. 697, § 25 (SB 189).) Titles inserted by publishers in commercial versions of the statute do not indicate legislative intent and are not binding on the court. (*In re Halcomb* (1942) 21 Cal.2d 126, 130; see *DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 602; Cal. Style Manual (4th ed. 2000) § 2:15 [B], p. 102.) In any event, "a provision's title 'is never allowed to enlarge or control the language in the body of the [provision].' " (*Berkeley Hillside Preservation v. City of Berkeley* (2015) 60 Cal.4th 1086, 1096, fn. 2.)

B

Zenovic cites to the portions of the statute referring to the commencement of an action to enforce a mechanics lien to argue the statute governs only actions to enforce mechanics liens, not other issues. However, Zenovic's narrow reading overlooks the pertinent language of the statute, which states a party who files an action to enforce a mechanics lien "does not thereby waive *any right of arbitration the person may have pursuant to a written agreement to arbitrate*" if the party complies with one of the two enumerated provisions to stay the mechanics lien. (§ 1281.5, subd. (a), italics added.)

Section 1281.5, subdivision (a), contemplates a mechanics lien action will be separate from an action to resolve otherwise arbitrable disputes. It makes no difference if the arbitration action is initiated in a different venue or which party initiates the arbitration action. By its plain terms, the statute permits a contractor to take advantage of the statutory mechanics lien process while preserving the contractual right to arbitrate disputes as provided in the arbitration agreement. The purpose of the alternative stay procedures articulated in section 1281.5, subdivision (a), is to hold the mechanics lien

7

process in abeyance "pending the arbitration of *any* issue, question, or dispute that is *claimed to be arbitrable under the agreement* and that is *relevant to the action to enforce the claim of lien*." (§ 1281.5, subds. (a)(2), (b), italics added.) However, a party who commences a mechanics lien action without complying with either of the stay provisions waives any such right to arbitration.

"[P]rior to the enactment of section 1281.5 in 1977, the filing of an action on a contract without seeking to preserve arbitration constituted a waiver of a contract provision for arbitration." (*Baker, supra,* 180 Cal.App.3d at pp. 930–931.) The *Baker* court cited *Titan Enterprises, Inc.* v. *Armo Construction, Inc*. (1973) 32 Cal.App.3d 828, 830, in which a subcontractor filed an action against the contractor seeking to enforce a mechanics lien and thereafter demanded arbitration of the same dispute. The *Titan* court concluded the filing of the action on the mechanics lien without attempting to preserve the right to arbitration amounted to a waiver. (*Id*. at p. 833.)

The *Baker* court explained, "The rule in *Titan* created a 'damned if you do damned if you don't' situation for a plaintiff wishing to file a mechanic's lien, and to arbitrate his claim. If the time limits for filing a mechanic's lien were not followed, an action to enforce the lien could not be maintained. But, if the action to enforce the mechanic's lien was properly brought, the materialman would waive any rights to arbitration. Section 1281.5 came to the rescue. The legislative counsel's comment to the section points out that the filing of an action to enforce the lien does not constitute waiver of the right to arbitrate provided the claimant applies for a stay. (Legis. Counsel's com.; Stats. 1977, ch. 135, Assem. Bill No. 322.)." (*Baker, supra*, 180 Cal.App.3d at pp. 930–931.) The *Baker*

8

court concluded section 1281.5 "means what it says: A party who files an action to enforce a mechanic's lien, but who does not at the same time request that the action be stayed pending arbitration, waives any right to arbitration." (*Id.* at p. 929.)

The only other reported case interpreting section 1281.5 is *Kaneko Ford Design v. Citipark, Inc.* (1988) 202 Cal.App.3d 1220, 1226–1227 (*Kaneko*), which held the mere filing of an application for a stay of proceeding under section 1281.5 did not automatically create a stay. "The sole effect of filing the application for a stay under section 1281.5 is to preclude a finding of waiver of the right to arbitrate because of the filing of a complaint to enforce a mechanics' lien." (*Id.* at p. 1227.) However, the *Kaneko* court went on to conclude the failure to implement the application for stay and actually obtain a stay order within a reasonable period of time waived the right to arbitration. (*Id.* at pp. 1228–1229.)

In this case, Zenovic did not file the Orange County action to enforce the mechanics lien until after VBV filed the San Diego action. VBV's action alleged disputes regarding Zenovic's billing practices and specifically included allegations related to Zenovic's actions in recording and attempting to enforce his mechanics lien. In his motion to compel arbitration, Zenovic agreed all of VBV's causes of action qualified as arbitrable construction disputes. Yet, Zenovic neither included an allegation in the complaint filed in the Orange County action stating he did not intend to waive any right of arbitration and intended to seek a stay of the Orange County action (§ 1281.5, subd. (a)(1)), nor filed an application for stay at the time he filed the complaint in the Orange

9

County action (§ 1281.5, subd. (a)(2)). His failure to do so waived the right to arbitrate construction disputes under the terms of the construction contract.

C

The finding of waiver does not conflict with the parties' contractual agreement, as Zenovic contends. The construction contract contained a paragraph stating, "Despite the Arbitration of Disputes provision hereinabove, Contractor shall have the right to preserve and pursue any statutory mechanic's lien and/or stop notice rights that Contractor may have separate and apart from the arbitration provisions hereof; provided, however, that the Arbitrators shall make a final determination of the amounts due and owing from Owner to Contractor, which determination shall be binding upon Owner and Contractor, and may be enforced as a judgment in a court of competent jurisdiction."

This clause does not mean Zenovic could choose not to arbitrate his mechanics lien issue without impairing his right to arbitrate other construction disputes. This clause allowed Zenovic to comply with statutory provisions to record a mechanics lien and commence an enforcement action for that lien. However, the second portion of the clause required Zenovic to submit to arbitration the issue of the amounts due and owing. The arbitrator's decision on that issue would then be enforceable by a court of competent jurisdiction. Had Zenovic preserved his arbitration rights by complying with section 1281.5, subdivisions (a)(1) or (a)(2), he would have complied with both the statute and the arbitration agreement by obtaining a stay for an arbitrator to decide the amounts due. His failure to do so further supports waiver.

10

DISPOSITION

The order denying the petition for arbitration is affirmed.  VBV shall recover its costs on appeal.

McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


O'ROURKE, J.

11