Filed 9/5/24  Brokaw v. Morey and Upton, LLP CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DENNIS BROKAW,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MOREY AND UPTON, LLP, et al.,<br><br>Defendants and Respondents. | G062931<br><br>(Super. Ct. No. 30-2017-00897307)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Donald F. Gaffney, Judge. Dismissed.

Dahl Law Firm and Richard Dahl for Plaintiff and Appellant.

Freeman Mathis & Gary and Christian E. Foy Nagy for Defendants and Respondents.

Dennis Brokaw filed an appeal following the trial court's denial of his motion to vacate an order compelling arbitration. We dismiss because no appealable order is presented.

FACTS

Until 2015, respondents—a law firm and its attorneys—represented Brokaw in a lawsuit for personal injuries suffered in 2012. In 2017, Brokaw filed the underlying legal malpractice lawsuit against respondents, claiming they failed to properly pursue a government entity as a defendant. The representation was governed by a retainer agreement containing an arbitration clause that agreed an arbitrator from the American Arbitration Association (AAA) would resolve any covered dispute.[1]

In July 2017, respondents moved to compel arbitration based on the arbitration clause. After a convoluted procedural path not material to this appeal, in December 2018, the trial court granted the motion (the 2018 arbitration order).

The matter was submitted to AAA, which designated it as a commercial matter. Brokaw alleges that AAA knew respondents deliberately

---

[1] The arbitration clause in the agreement stated: "If any dispute arises out of, or relates to, a claimed breach of this agreement, the professional services rendered by [a]ttorneys or [c]lient's failure to pay fees for professional services[,] and other expenses specified, or any other disagreement of any nature, type or description[,] regardless of the facts[,] or the legal theories which may be involved, such dispute shall be resolved by arbitration before the American Arbitration Association by a single arbitrator in accordance with the Commercial Rules of the American Arbitration Association in effect at the time the proceeding is initiated. The hearing shall be held in the American Arbitration Association office closest to [a]ttorneys, and each side shall bear his/her/its own costs and attorneys fees."

designated the case as "'commercial'" to avoid certain protocols "required in consumer cases."[2]

Brokaw provides no appellate briefing on what happened in the intervening years, until he filed his 2023 motion to set aside the 2018 arbitration order at issue here. In the motion, Brokaw asserted, among other things, that respondents "failed to pay for the AAA arbitration fees and perform as required under the AAA Rules."

In its June 2023 ruling denying Brokaw's motion, the trial court discussed respondents' presentation of billing documentation covering dates between December 2018 and November 2019. The court's findings on the "financial history" stated $15,150 had been charged and paid, indicating no balance was owed to AAA. The ruling also addressed Brokaw's arguments based on two statutes added to the California Arbitration Act's (Code Civ. Proc., § 1280 et seq.)[3] in 2019. The statutes impose deadlines for payments of "certain [arbitration] fees and costs" (§§ 1281.97, subd. (a)(1), 1281.98, subd. (a)(1)), and consequences for missing the deadlines, including allowing a consumer to "[w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction" (§§ 1281.97, subd. (b)(1), 1281.98, subd. (b)(1)).

The trial court construed the deadlines to be triggered by an arbitration provider's delivery of an invoice to the party obligated to pay. (See Stats. 2021, ch. 222, § 3 [adding subd. (a)(2) to § 1281.98 to establish that "arbitration provider shall provide an invoice for any fees and costs required"]; see *id.* § 2 [adding subd. (a)(2) to § 1281.97].) The court did not

---

[2] We omit some capitalizations in the parties' briefing.

[3] All further undesignated statutory references are to the Code of Civil Procedure.

make an express finding on whether invoices were delivered to respondents, but stated that Brokaw had "not met his burden to show that [respondents] failed to pay, within 30-days [as required under either statute], certain fees and costs to initiate or continue the arbitration proceeding after receiving an invoice for the required fees and costs."

Brokaw filed this appeal less than 60 days after respondents' notice of the denial order.

DISCUSSION

Brokaw asserts he should have been allowed to withdraw from the arbitration and litigate in the trial court. He contends, inter alia, that the court's denial of his motion rests on an incorrect application of sections 1281.97 and 1281.98 and a misinterpretation of their respective subdivisions (a)(2), which cover invoices provided by the arbitration provider. Some of Brokaw's other assertions are the same as those he presented in the trial court—for example, that AAA refused "to follow both its own AAA Consumer Arbitration Rules and AAA Consumer Due Process Protocol." For the reasons discussed below on appealability, we need not and do not decide any of Brokaw's arguments about how the statutes should be construed or who allegedly breached what obligations.[4]

In his mandatory briefing section on appealability (Cal. Rules of Court, rule 8.204(a)(2)(B)), Brokaw contends, without explanation, that this appeal is authorized by the following statutory language: "An aggrieved party may appeal from: [¶] (a) An order dismissing or denying a petition to compel

---

[4] Although the dismissal of an unqualified appeal will preclude future appellate review (§ 913), we conclude that our lack of jurisdiction under the circumstances should not foreclose potential review of an appealable order or judgment.

4

arbitration." (§ 1294, subd. (a).) Respondents disagree and contend that not only the plain language of that subdivision, but the legislative intent expressed by the language in the broader section demonstrates that Brokaw has no ground for his attempted appeal. We agree with respondents.

Where there is no ambiguity in statutory language, our analysis begins and ends with applying plain statutory language (*People v. Robles* (2000) 23 Cal.4th 1106, 1111), except in "'extreme cases' where . . . absurdity is patent" (*California School Employees Assn. v. Governing Bd. of South Orange County Community College Dist.* (2004) 124 Cal.App.4th 574, 588). We agree with respondents and conclude dismissal is required because there is no appealable order before this court. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)

Section 1294 is located in the California Arbitration Act's final chapter, within an article labeled "Appeals." Based on the statute, it has been a baseline rule for over half-a-century that an order granting a petition to compel arbitration is not immediately appealable (*Nguyen v. Applied Medical Resources Corp.* (2016) 4 Cal.App.5th 232, 242-243; *Laufman v. Hall–Mack Co.* (1963) 215 Cal.App.2d 87, 88), but is instead reviewable on appeal from the judgment entered following an arbitration award (*Ashburn v. AIG Financial Advisors, Inc.* (2015) 234 Cal.App.4th 79, 94; see § 1294.2).

Including section 1294, subdivision (a), quoted in part above, there are four more explicit grounds listed for appealable orders, as follows: "(b) An order dismissing a petition to confirm, correct or vacate an award. [¶] (c) An order vacating an award unless a rehearing in arbitration is ordered. [¶] (d) A judgment entered pursuant to this title. [¶] (e) A special order after final judgment." None of the subdivisions support a conclusion that Brokaw presents an appealable order.

5

Section 1294 was last amended in 2023 (Stats. 2023, ch. 710, § 1) to add a single sentence to subdivision (a) that is immaterial to this matter.[5] None of the new language is implicated here, reinforcing our plain reading that the Legislature has not expressed an intention of making appealable an order like the 2018 arbitration order (denying a motion to set aside an earlier order compelling arbitration). (See *In re W.B.* (2012) 55 Cal.4th 30, 57 ["the Legislature is presumed to know about existing case law when it enacts or amends a statute"].)

We would draw the same conclusion from the legislative activity on sections 1281.97 and 1281.98, which were enacted in 2019, as mentioned earlier.[6] As noted, the statutes allow a consumer to exit from an arbitration if the party that drafted the governing arbitration agreement did not timely "pay certain fees and costs." (§§ 1281.97, subd. (a)(1) [governing timeframe before arbitration begins], 1281.98, subd. (a)(1) [governing pendency of arbitration proceeding].) Most recently, section 1281.98 was amended within days of section 1294's amendment just quoted above. (Stats. 2023, ch. 478, § 17; Stats. 2023, ch. 710, § 1.) Neither section 1281.97 nor section 1281.98 contains any language providing a right to appeal an order denying an

---

[5] The new sentence states: "Notwithstanding Section 916, the perfecting of such an appeal shall not automatically stay any proceedings in the trial court during the pendency of the appeal." (§ 1294, subd. (a).)

[6] They were both amended in 2021 (Stats. 2021, ch. 222, §§ 2 & 3, eff. Jan. 1, 2022) and then only section 1281.98 was amended again (Stats. 2023, ch. 478, § 17). None of the amendments are material to our analysis here.

arbitration exit provided in the statutes.[7] In other words, the statutes further reinforce our plain reading of section 1294 that the Legislature has not expressed an intention of making appealable an order denying a motion to set aside an earlier order compelling arbitration, like the 2018 arbitration order. (See *In re W.B., supra*, 55 Cal.4th at p. 57.)

Brokaw disagrees with the appealability policy the California Arbitration Act sets forth for this matter. But because it is not absurd to read the statutory language as creating limited rights to appeal orders about arbitration, Brokaw's opinion about the wisdom of the statutory framework has no persuasive effect.[8]

We conclude the legislative intent expressed in section 1294, subdivisions (a) through (e) remains that trial court orders not final with respect to arbitration are not immediately appealable. (See *Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434, 442 ["Legislature's philosophy and intent in drafting section 1294 was that there should be no appellate consideration of intermediate rulings in arbitration disputes if the superior court was of the view that there should be initial or further proceedings in arbitration"].) Because Brokaw has failed to

---

[7] Moreover, in this matter, Brokaw does not present any argument about what evidence showed he was entitled to a benefit of section 1281.98, which he argues governed the issue of AAA's securement of payments. (See *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [when contention rests on insufficient evidence claim, appellant must discuss all material evidence presented to trier of fact].)

[8] Respondents point out that Brokaw does not ask us to treat his attempted appeal as a petition for writ relief in the alternative. Brokaw does not respond to the point in his reply brief so we do not address it.

demonstrate that the order he challenges is appealable, we must dismiss this matter. (*Griset v. Fair Political Practices Com., supra*, 25 Cal.4th at p. 696.)

DISPOSITION

The appeal is dismissed. Respondents shall recover their costs on appeal.

O'LEARY, P. J.

WE CONCUR:

MOORE, J.

DELANEY, J.